UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THEODORE WILLIAM TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  22-2552 (UNA) |
| | ) | |
| THE KENDALL LAW GROUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application, and for the reasons discussed below, will dismiss the complaint without prejudice.

Plaintiff retained Joseph Kendall and the Kendall Law Group (collectively "Kendall") to represent him in a criminal matter before the United States District Court for the Eastern District of Texas. *See, e.g*., ECF 1 at 4, 7.  The parties entered into a retainer agreement and plaintiff allegedly paid Kendall legal fees of $120,000. *See id.* at 9.  A jury found plaintiff guilty of Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and the court imposed a 240-month term of incarceration.  *See* ECF 1 at 34; *see also* Judgment in a Criminal Case, *United States v. Taylor*, No. 4:17-cr-9 (E.D. Tex. May 8, 2019); *United States v. Lee*, 966 F.3d 310 (5th Cir.) (affirming convictions of plaintiff and co-defendant), *cert. denied,* 141 S. Ct. 639 (2020). Plaintiff attributed the unfavorable outcome to Kendall's malpractice, *see, e.g*., ECF 1 at 6, 25-27, due to, for example, Kendall's alleged failure to develop a defense strategy, *see, e.g*., *id*. at 4, to call witnesses, *see id.* at 5, and to counter the government's representation that

plaintiff operated a "pill mill," *see, e.g.*, *id.* at 16. Consequently, plaintiff alleged, he has suffered physical, emotional and financial harm, *see, e.g.*, *id*. at 12, 18, and now demands damages totaling $ 9 million, *see id.* at 20.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and the Court must dismiss an action if it determines that subject matter jurisdiction is wanting, *see* Fed. R. Civ. P. 12(h)(3).

Because a legal malpractice claim does not present a federal question, the case may proceed only if plaintiff establishes diversity jurisdiction, which he cannot do because all parties reside or conduct business in Texas. Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. *See Bush*, 521 F. Supp. 2d at 71 ("When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit."). This outcome should come as no surprise to plaintiff, as he filed essentially the same case in the Northern District of Texas, which, too, dismissed the complaint without prejudice for lack of subject matter jurisdiction. *See Taylor v. Kendall L. Grp. PLLC*, No. 3:21-CV-65-C, 2021 WL 863214, at *3 (N.D. Tex. Jan. 15, 2021) (recommending dismissal for lack of subject matter jurisdiction

where "legal malpractice allegations against . . . former criminal defense attorney . . . do[] not allege" federal law violation "such that [plaintiff] brings claims under 42 U.S.C. § 1983," and where "[t]he only evidence in the record of which the Court may take judicial notice reflects that all parties are Texas citizens"), *report and recommendation adopted*, No. 3:21-CV-65-C, 2021 WL 859135 (N.D. Tex. Mar. 8, 2021), *appeal dismissed sub nom. Taylor v. Kendall L. Grp., P.L.L.C.*, No. 21-10280, 2021 WL 6102485 (5th Cir. Dec. 23, 2021), *cert. denied*, 142 S. Ct. 2657 (2022), *reh'g denied sub nom. Taylor v. The Kendall L. Grp., P.L.L.C.*, No. 21-7211, 2022 WL 3021496 (U.S. Aug. 1, 2022).

The case is **DISMISSED**. A separate Order will be issued.

DATE: September 12, 2022    _____
  JIA M. COBB
  United States District Judge

3